IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
vs. ) Crim. No. 07-17 Erie
)
)
LEROY M. BENNETT )

### PRETRIAL ORDER REGARDING MOTIONS IN LIMINE

AND NOW, to-wit, this _3L_ day of _December_, _2007_, upon consideration of the Government's Motions in Limine (Docs. 32, 42 & 48), it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Government's Motion in Limine to Order Defendant to Refrain From Making Improper Legal Argument and To Exclude Improper Exhibits and Testimony (Doc. 32), is GRANTED, in part, as to the following

A. The Defendant is precluded from presenting evidence or argument regarding the following arguments concerning the constitutionality or validity of the tax laws:

1. That the Internal Revenue laws and/or the Sixteenth Amendment to the United States Constitution are unconstitutional and invalid, and thus the Internal Revenue Service lacks jurisdiction.

2. That business receipts, salaries, wages, or commissions are not income or that the Internal Revenue laws and/or the Sixteenth Amendment do not allow for the direct taxation of these items.

3. That the filing of income tax returns is voluntary and not mandatory.

**4.** That the Defendant is not a "person," "individual," or "citizen" within the meaning of the statute that imposes an obligation to file a return and pay tax on "any person" meeting the necessary requirements.

**5.** That the Defendant is not subject to federal income taxes because he or she is a "sovereign" citizen of a particular state.

**6.** That the United States District Court for the Wester District of Pennsylvania does not have jurisdiction over criminal offenses enumerated in the Internal Revenue Code.

**7.** That Title 26 of the United States Code is not "law", or is not valid law.

**8.** That the filing of income tax returns violates Defendant's First Amendment rights on religious grounds.

As detailed in the Government's brief the constitutionality and validity of the Sixteenth Amendment and the federal income tax laws is well-established and unambiguous. Indeed, defense counsel well knows this. See United States v. Patridge, ___ F.3d ___, 2007 WL 5533739 (7th Cir. Nov. 14. 2007)( finding defense counsels' arguments "all frivolous", "preposterous", and characterizing the arguments as "frivolous tax-protest-style arguments"). It is the Court's duty to instruct the jury on what the applicable law is in this case, and therefore any legal argument is a matter solely for the Court.

**B.** The Defendant is precluded from presenting evidence or argument purporting to establish his good faith belief that the federal income tax laws are unconstitutional. Defendant's good faith belief about the validity of federal income tax laws are irrelevant to the issue of willfulness and thus would not serve as a defense to the charges in this case. *Cheeks v. United States*, 498 U.S. 192, 202-203, 206 (1991); *United States v. Burton*, 737 F.2d 439, 442 (5th Cir. 1984) ("Those who believe, even in good faith, that the income tax

law is unconstitutional are . . . willful violators of the tax law if they understand the obligations the statute purports to impose upon them."

**C.** The Defendant is precluded from presenting evidence or argument suggesting that the jury can disregard the Court's instructions as to the law or that the jury can decide the case according to its own judgment and conscience notwithstanding the law. It is the Court's duty to instruct the jury as to the law applicable to this case, and it is the duty of the jurors to follow the law as instructed by the Court.

**D.** The Court defers ruling on the remainder of the Government's arguments presented in its Motion in Limine to Order Defendant to Refrain From Making Improper Legal Argument and To Exclude Improper Exhibits and Testimony (Doc. 32), until such time as the Court deems a ruling is necessary. The parties are instructed to present to the Court for resolution, prior to the introduction of any testimony, evidence, exhibit, or question of counsel, any issue that falls within or that might fall within the ambit of the deferred arguments presented in the Government's Motion in Limine (Doc. 32).

**2.** The Government's Second Motion in Limine to Order Defendant to Refrain From Making Improper Legal Argument and To Exclude Improper Exhibits and Testimony (Doc. 42), is GRANTED. The Defendant is precluded from presenting evidence or argument asserting his Fifth Amendment right against self-incrimination as a defense to the charges in this case. *United States v. Sullivan*, 274 U.S. 259 (1927); *Flint v. Stone Tracy Co.*, 220 U.S. 107, 177 (1911); *United States v. Edelson*, 604 F.2d 232, 234 (3d Cir. 1979).

3. The Government's Third Motion in Limine to Order Defendant to Refrain From Making Improper Legal Argument and To Exclude Improper Exhibits and Testimony (Doc. 48), is GRANTED. The Defendant is precluded from presenting evidence or argument that the Paperwork Reduction Act of 1980, 44 U.S.C. § 3501 *et seq.* is a defense to the charges in this case, or that Form W-2 substitutes for the filing of a Form 1040. Again, well-established case law shows that such arguments have been uniformly and repeatedly rejected by Courts throughout the country.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   Counsel of record